IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARTHUR F. LESSER, IV ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. 1:18-cv-00824-TWT |
| ) | |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant ) | |

## AMENDED COMPLAINT

## I. JURISDICTION AND PARTIES

COMES NOW Plaintiff, Arthur F. Lesser, IV (hereinafter "Plaintiff") and files this Complaint against Defendant, Reliance Standard Life Insurance Company (hereinafter "Reliance"), showing the Court as follows:

1.

This is an action pursuant to the Employment Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C.§ 1001 et seq., to recover benefits due Plaintiff under the terms of a group insurance policy that was issued and underwritten by Reliance. Said policy constitutes an "Employee Welfare Benefit Plan" as defined by ("ERISA"), 12 U.S.C.§ 1002(1).

2.

Jurisdiction is based on ERISA, 29 U.S.C. § 1132(e)(1) and 28 U.S.C.§1331.

3.

Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2), because the breach or breaches of the relevant insurance policy occurred in this District.

4.

Reliance is a foreign corporation authorized to transact business in the State of Georgia that is subject to the jurisdiction and venue of this Court and may be served with process through its registered agent in Georgia: Dale Morris, CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA 30361.

**FACTUAL BACKGROUND**

5.

Plaintiff was an employee of Johnson Outdoors, Inc.

6.

Johnson Outdoors, Inc., purchased a group long term disability from Reliance.

7.

At all times relevant hereto, Plaintiff was a full-time employee of Johnson

Outdoors, Inc. and he was covered under the terms of the Policy and entitled to receive all coverage and benefits under the Policy as a result of his total disability.

8.

The Policy provides as follows:

"Totally Disabled" and Total Disability" mean, that as a result of an Injury or Sickness:

(1) during the Elimination Period and for the first 36 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation:

(a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;

(b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and

(2) after a Monthly Benefit has been paid for 36 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

9.

Reliance found Plaintiff unable to perform his regular occupation as a Senior Software Engineer from August 13, 2016 to October 13, 2016.

10.

On February 21, 2017, Defendant denied continuing disability benefits stating that Plaintiff's cognitive problems on the neurological testing were mild.

11.

On July 31, 2017, Plaintiff appealed this decision with medical records showing his diagnosis Idiopathic Hypersomnia, Chronic Fatigue with underlying Chronic Viral Infection, Brain Fog, Memory Loss, Obstructive Sleep Apnea, Hashimoto's Thyroiditis, Adrenal Fatigue, Food Sensitivities, Acid Reflux, Scoliosis, Hypogonadism, Low Vitamin D, Low Vitamin B12, Deficient in Neurotransmitters, Deficient in Essential Minerals, Anxiety, Tachycardia, Asthma, Allergies, Enlarged

Prostate, Gallstones, Diverticulosis and a history of Kidney stones.

12.

In that appeal, Plaintiff submitted the results of a Functional Capacity Evaluation which found him to be at the below sedentary demand characteristic level.

13.

Further, Plaintiff submitted two statements from his neurologist and his internist stating that the findings of the Functional Capacity Evaluation were consistent with their evaluations of the Plaintiff.

14.

Plaintiff also submitted further objective medical evidence in the form of records from his CPAP machine, the results of a psychomotor viligence test and the findings of his Actigraphy device.

15.

Plaintiff further pointed out that the Neuropsychological Evaluation found that he gave full efforts on that test.

16.

On September 7, 2017, Defendant asked Plaintiff to attend an Independent Medical Evaluation which Plaintiff did ultimately attend.

17.

On November 20, 2017, Defendant upheld its decision denying benefits based upon the findings of this one-time Independent Medical Evaluation in which no serious medical testing was performed.

18.

Administrative remedies are exhausted.

**COUNT 1: RECOVERY OF BENEFITS DUE UNDER THE POLICY AND UNDER 29 U.S.C. § 1132(a)(1)(b)**

19.

The above allegations are hereby re-alleged as if fully set forth herein.

20.

Plaintiff is entitled to Long Term Disability benefits under this Policy.

21.

Plaintiff is entitled to recover interest on all past due amounts of pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B).

22.

Plaintiff has retained counsel to represent him in this matter, and is entitled to an award of costs, including reasonable attorneys' fees, pursuant to ERISA, 29 U.S.C.

§ 1132(g)(1).

WHEREFORE, Plaintiff respectfully prays for the following:

(a) Long Term Disability benefits since October 13, 2016 and continuing

(b) Prejudgment and post-judgment interest accruing on said benefits;

(c) Attorneys' fees and costs of this action, and

(d) Such other further and additional relief that this Court deems just and proper.

This 13th day of March, 2018.

*s/Heather K. Karrh*
Heather K. Karrh
Georgia Bar No. 408379

ROGERS, HOFRICHTER &
 KARRH LLC
225 S. Glynn Street, Suite A
Fayetteville, GA 30214
(770) 460-1118